## RICE *vs.* CHASE.

Where property, exempted by law from attachment and execution, had been attached on mesne process, a declaration by the debtor, to a third person, " that he cared nothing about the property thus attached—that the creditor might have it and welcome, but he would take care that he got no more," cannot be treated as a waiver of his right of action for the taking of the property.

Nor can evidence that the creditor, having heard of the declaration, proceeded to act upon it, and caused the goods to be sold upon execution, avail to defeat an action brought by the debtor for taking the goods, nor in mitigation of damages—especially when the sale was after the debtor had brought his action.

Trespass, for taking sundry articles of bedding, household furniture, and wearing apparel. The writ was dated December 26, 1835.

The defendant pleaded the general issue, with notice of a justification, as deputy sheriff.

It appeared in evidence, that on the fourteenth day of July, 1835, one Elijah Wood, Jr., caused a writ to be issued against the plaintiff, and committed to the defendant, as deputy sheriff, who on the same day attached and took the articles mentioned in the declaration, which, it further appeared, were all the goods the plaintiff had at the time; and the plaintiff contended that he was entitled to recover the value, because the goods were, by law, exempted from attachment. Wood obtained a judgment at April term, 1836, and the defendant sold the property, on an alias execution, November 23, 1836.

The defendant, for the purpose of showing that the plaintiff had waived any right to maintain an action for the taking of the property, offered the testimony of one Stafford, that, in the month of August, A. D. 1835, he had a conversation with the plaintiff, in Boston, in which the plaintiff stated that Wood had sued him, and attached some things of his in Claremont, N. H.——that he cared nothing about the things taken by the sheriff—that Wood might have them and welcome, but that he would take good care that Wood got no more—that he had money enough to buy more, and pay all his debts, but that he would never pay Wood. The court rejected the evidence.

The defendant then offered, in connexion with this evidence, the testimony of J. Nye, that he was the agent of Wood in the commencement and prosecution of that suit—

that he received information from Wood that he could prove by Stafford that the plaintiff said he owned the property, and he might have it and welcome, he could do without it— that the witness understood from Wood that this declaration was made to Wood by the plaintiff—and that he proceeded, in consequence of this, to have the property sold. And the defendant contended that this testimony, with that of Stafford, showed a waiver of any right of the plaintiff, and that Wood had acted upon that waiver; but the court rejected the evidence.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial, on account of the rejection of the foregoing evidence.

*Leland*, for the plaintiff.

*Kimball*, for the defendant.

Parker, C. J. It appears in this case that the goods and chattels mentioned in the plaintiff's declaration were exempted by law from attachment and execution.

There may be cases where the taking of property exempted by law, would furnish no ground for an action of trespass; and perhaps where a license to attach and a subsequent attachment in pursuance of that license, would not only justify the officer in attaching the goods, but also in selling them afterwards, notwithstanding the debtor might attempt to countermand the permission to attach after it was executed, and to regain the possession of the goods.

But in this case, there is not only no evidence of any permission or license to the creditor or officer to make the attachment and take the goods, but there is no evidence of any declaration to any third person that he was willing that any such act should be done, or that the creditor should have the goods, or any other conversation upon the subject, before the attachment was made.

At the time of the taking by the defendant, therefore, it was clearly an act of trespass ; and the question is, whether the subsequent declarations of the plaintiff, made to a third person, and offered to be proved in the case, can be given in evidence to change the character of this act from a trespass to a justifiable taking, or operate as a waiver of the right, then vested in the plaintiff, to maintain an action for such taking.

The answer is plain.   A mere loose declaration, made to a third person, without any consideration paid by the creditor or officer, and without any knowledge on their part at the time that such a declaration had been made, cannot be construed to deprive the plaintiff of a right of action which had previously accrued to him for the trespass.   *5 N. H. R.* 452, *Tufts* vs. *Hayes.*

But in this case it was further offered to be proved, that the creditor having received knowledge of this declaration, his agent acted upon it, and caused the goods to be sold.

There are two answers to this.   In the first place, the declaration of the plaintiff does not purport to be a license upon which the creditor or the defendant was to act ; and doubtless was not so intended, but was designed to exhibit a feeling of independence on the part of the plaintiff, and as a mere assertion of his ability to sustain himself, notwithstanding Wood had seized and might sell his property. And, secondly, it was made without any consideration, and long before the subsequent sale of the property, or any act done in consequence of such declaration, this action was commenced ; which might well be regarded as a revocation of any license given without consideration, and not then acted on, even if any such had existed.

*Judgment on the verdict.*